[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2006
THOMAS K. KAHN
CLERK

No. 06-10824
Non-Argument Calendar

_____

D. C. Docket No. 03-00671-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBRA STEWART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 16, 2006)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Debra Stewart appeals her conviction and 72-month sentence for conspiracy

to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(D) and 846 (Count 1), possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Counts 2 and 4), conspiracy to provide contraband to a prisoner, in violation of 18 U.S.C. §§ 1791(a)(1) and 371 (Count 7), and providing contraband to a prisoner, in violation of 18 U.S.C. §§ 1791(a)(1), (b)(3), and (d)(1)(B) (Count 8).  On appeal, Stewart argues that the district court erroneously admitted a sexually explicit letter that was irrelevant and unfairly prejudicial.  She also argues that the district court erred when calculating her advisory guideline range by attributing amounts of methamphetamine without finding that it was reasonably foreseeable to Stewart that methamphetamine would be a part of the conspiracy.

## BACKGROUND

Stewart worked as a corrections officer at the Atlanta Federal Penitentiary and engaged in an illicit relationship with an inmate, co-defendant Mitchell Brewster.  This relationship came to the attention of a special agent of the Federal Bureau of Prisons, Darroll Acre.  Acre also learned that a staff member was bringing drugs into the prison.  Acre investigated the matter which led to a reverse sting operation.  During the reverse sting, Brewster's sister contacted Stewart to pick up a package for Brewster from a trash can.  When Stewart retrieved the bag,

2

which contained marijuana and methamphetamine, she was arrested.

Although Stewart allegedly received payment for her participation in the conspiracy, the government argued at trial that her motive to participate was her illicit relationship with Brewster. The government tried to introduce evidence of this relationship including a sexually explicit letter, nude photographs that appeared to be Stewart, and Brewster's testimony. Stewart made a Fed. R. Evid. 403 objection to the introduction of the photographs and the letter. The court sustained the objection to the photographs, but still allowed the prosecution to reference the pictures. The court overruled the objection to the letter, but didn't allow the letter to be read in court and instead allowed the jury to read the letter in jury deliberations.

In the letter, which is signed only "your wife, your sunlight," the author (1) discusses photographing herself for Brewster, (2) describes sex acts she will perform with Brewster, (3) tells Brewster how much she loves him and how she wants to spend her life with him, (4) acknowledges that she is married, and (5) concludes "we will be careful [] I still need this job." Brewster testified that Stewart delivered the letter to him along with several nude photographs. The prosecutor also referred to the letter in closing arguments.

The jury convicted Stewart of the counts listed above and made a special

3

finding that the conspiracy did not involve methamphetamine. The Presentence investigation report ("PSI") calculated a base offense level of 26 for Counts 1, 2, and 4 because the offense involved 2 ounces of methamphetamine and 2.5 pounds of marijuana creating a marijuana equivalency of 114.5 kilograms. The PSI also included two 2-level enhancements for distribution of controlled substances in a prison and abusing a position of trust. With a total offense level of 30 and a criminal history category of I, the PSI determined a guideline range of 97 to 121 months' imprisonment. Stewart objected to the use of a base offense level predicated upon the methamphetamine. The court overruled the objection stating that "under the guidelines she is just responsible for whatever was in the package." The court sentenced Stewart to 36 months for each of the accounts, with the sentences for Counts 1, 2, 4 , and 7 to run concurrently and the sentence for Count 8 to run consecutively, resulting in a total sentence of 72 months of imprisonment.

## STANDARD OF REVIEW

We review the district court's decision to allow evidence under Fed. R. Evid. 403 for an abuse of discretion. *United States v. Gunn*, 369 F.3d 1229, 1236 (11th Cir. 2004). We will not reverse if the error was harmless. *Id.* We review the district court's findings of fact in calculating the advisory guideline range for clear error and its application of the sentencing guidelines to those facts *de novo*. *United*

4

*States v. Martin,* 455 F.3d 1227, 1235 (11th Cir. 2006).

## DISCUSSION

Stewart argues that the district court erred in admitting the sexually explicit letter because it was more prejudicial than probative. Rule 403 permits the district court to exclude relevant evidence only when "its probative value is substantially outweighed by the danger unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Excluding evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *United States v. Ross*, 33 F.3d 1507, 1524 (11th Cir. 1994). We are inclined to defer to the district court given that it "is uniquely situated to make nuanced judgments on questions that require the careful balancing of fact-specific concepts like probativeness and prejudice." *United States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir. 2003). "Only if the decision to admit evidence over a Rule 403 challenge is unsupportable when the evidence is viewed in the light most supportive of the decision will we say that the decision constitutes an abuse of discretion." *Id.*

Stewart argues that the letter was unfairly prejudicial and irrelevant because it described Stewart's adultery and sexual desires and did not help establish an element of the drug conspiracy with which she was charged. Specifically, she

5

asserts that the government's case rested largely on the testimony of seven co-defendants and unindicted co-conspirators, all of whom were of "questionable credibility" and all of whom testified they hoped to benefit from their cooperation, and that, consequently, the jury still could have found her not guilty. She contends that in such a situation, the admission of "graphic and arresting" sexually explicit evidence was likely to incite the jury to make an irrational, emotional decision.

The letter was certainly probative of Stewart's motive; however, the graphic sexual nature and Stewart's admission of adultery carry a likelihood of prejudice. The district court weighed these issues and found that the probative value outweighed the risk of prejudice. This conclusion is adequately supported because this letter was among the only evidence which corroborated Brewster's testimony that his relationship with Stewart was romantic and sexual. Thus, we agree with the district court that the letter helped establish Stewart's motive for the charged offense.

Next, Stewart challenges her sentence, arguing that the district court erred in calculating her advisory guideline sentence by attributing the amounts of methamphetamine to her under U.S.S.G. § 1B when the district court did not find that Stewart could reasonably foresee the presence of methamphetamine and the jury made a special finding that the conspiracy did not include methamphetamine.

6

Under U.S.S.G. § 1B.3, the district court must consider relevant conduct in calculating the base offense level. Relevant conduct can include conduct for which the defendant was acquitted so long as the government proves the conduct by preponderance of the evidence. *United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005). Furthermore, Stewart's accountability under this section would not be limited to what is reasonably foreseeable because that requirement applies only to the conduct of others. *United States v. Alvarez-Coria*, 447 F.3d 1340, 1344 (11th Cir. 2006).

The jury found that Stewart knowingly participated in a conspiracy to deliver illegal drugs to Brewster in prison. When determining relevant conduct under these circumstances, it is irrelevant whether Stewart knew exactly the amount or type of drugs. *See* U.S.S.G. § 1B.3 cmt. n.2(a)(1). In calculating the base level, it was not error for the district court to hold Stewart responsible for all her relevant conduct, which included the amounts of methamphetamine.

Because the district court did not abuse its discretion in admitting the sexually explicit letter or err in attributing the amounts of methamphetamine to Stewart during sentencing, we affirm Stewart's conviction and sentence.

**AFFIRMED**.

7